*311 OPINION OF THE COURT
Mark Dwyer, J.
Defendant Pinchuk and five others have been indicted on multiple counts of conspiracy in the second and fourth degrees, for money laundering in the second degree, and on 37 counts of sale and possession of controlled substances. The People’s theory is that between March 2009 and June 2010 defendant, based in California, supplied amphetamines, alprazolam, hydrocodone, and oxycodone to codefendant Pinchas Goldshtein and others in Brooklyn. Defendant would ship pills via Federal Express from Los Angeles to Brooklyn, often supplying Goldshtein with a tracking number in a text message. To pay for the pills Goldshtein would deposit money into a bank account in Brooklyn, and defendant would withdraw that money in Los Angeles. Over the course of their dealings, defendant and his California and New York accomplices exchanged numerous text and cell phone messages, many of which were intercepted pursuant to court order and were highly incriminating.
There is no evidence that defendant left California during the period of the alleged conspiracy. Relying on People v Carvajal (6 NY3d 305 [2005]), defendant moves to dismiss the substantive counts of the indictment on jurisdictional grounds. The essence of his argument is that because he was never in New York, this state has no jurisdictional predicate for charging him with selling and possessing drugs or with money laundering in New York.[1] For the reasons that follow, this court rejects defendant’s claim.
I
This court begins with People v Kassebaum (95 NY2d 611 [2001], cert denied 532 US 1069 [2001]). There, the defendant Kassebaum conspired with others in New York to import heroin from Massachusetts. Unbeknownst to the conspirators, the “Lebanese drug courier” with whom they were negotiating was an undercover agent. Kassebaum and others traveled to Boston *312 to take delivery, but detected surveillance and refused to accept the heroin. Kassebaum was arrested and charged in New York with conspiracy in the second degree and attempted criminal possession of a controlled substance in the first degree. He was convicted of both charges after trial.
On appeal, Kassebaum challenged state jurisdiction over the possessory offense. The People responded in part that jurisdiction properly lay under CPL 20.20 (1) (a), which provides:
“[A] person may be convicted in the criminal courts of this state of an offense defined by the laws of this state, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when:
“1. Conduct occurred within this state sufficient to establish:
“(a) An element of such offense . . . .”
The Court of Appeals noted that all the elements of attempted criminal possession of a controlled substance in the first degree were plainly made out by the proof, and that the issue was whether one or more of those elements were made out by conduct which occurred within New York. The Court concluded that there had been ample proof of in-state conduct manifesting the intent element required for the crime, i.e., the intent to possess over four ounces of heroin. In particular, the conspirators agreed in New York to leave and quickly return with heroin to sell in New York; they made travel arrangements in New York for a trip to Boston by three conspirators; and during the trip the chief conspirator continuously gave them directions from New York by telephone as to how to accomplish their goal. The “People’s intent evidence was in the form of concrete actions of the participants toward accomplishing” the possession of heroin in New York. (Kassebaum, 95 NY2d at 619.) As a result, conduct occurred in New York sufficient to establish that intent element of the crime.
Some four years later the Court decided Carvajal, on which defendant now relies. Carvajal involved an interpretation not of CPL 20.20 (1) (a), but of CPL 20.20 (1) (c). That provision states:
“[A] person may be convicted in the criminal courts of this state of an offense defined by the laws of this state, committed either by his own conduct or by the conduct of another for which he is legally ac *313 countable pursuant to section 20.00 of the penal law, when:
“1. Conduct occurred within this state sufficient to establish: . . .
“(c) A conspiracy or criminal solicitation to commit such offense, or otherwise to establish the complicity of at least one of the persons liable therefor; provided that the jurisdiction accorded by this paragraph extends only to conviction of those persons whose conspiratorial or other conduct of complicity occurred within this state . . . .”
In Carvajal, what was at issue was not whether an element of a substantive crime occurred in New York. Rather, the issue was whether conduct amounting to a conspiracy to commit a substantive offense occurred in New York. And, on the facts of the case, the answer was affirmative. Carvajal was a California cocaine supplier who arranged for intermediaries to deliver narcotics to New York by automobile. He spoke frequently by telephone with those in New York who received his shipments and he was deemed by law to be in New York during these calls. (CPL 20.60 [1]; see People v Giordano, 87 NY2d 441, 449 [1995].) At least once he traveled to New York to meet with fellow conspirators, and from New York he communicated with members of the organization to arrange further deliveries.
Ultimately, Carvajal was arrested in California. Many kilograms of cocaine intended for delivery to New York were seized in the San Francisco area. Carvajal was charged in New York, and ultimately convicted, not with attempted possession of those drugs as in Kassebaum, but with the completed offense of criminal possession of a controlled substance in the first degree. The People’s jurisdictional theory addressed by the Court of Appeals was not based on Carvajal’s possible New York conduct evincing criminal intent, as in Kassebaum. It was instead based on Carvajal’s conduct showing that he had conspired in New York to possess the drugs seized in California.
The Court found that the People’s jurisdictional proof was sufficient. As noted, under CPL 20.60 (1) Carvajal’s communications from California with organization members in New York were legally deemed to be communications he made while in New York. He had in the past caused cocaine to be transmitted by agents to New York, and under section 20.60 (2) he was *314 deemed to have personally delivered the drugs to New York.[2] Moreover, Carvajal had himself come to New York, met with organization members here, and spoken from New York with his fellow conspirators in other states. Proof of these facts sufficed to show that Carvajal conspired in New York, and under CPL 20.20 (1) (c) that gave New York jurisdiction to prosecute the substantive possessory offenses that were the object crimes of the conspiracy. That was true even though the kilograms of cocaine at issue had never left California on their destined trip to New York.
II
Defendant argues that Carvajal does not support the People’s position on jurisdiction, given that in Carvajal the defendant conspired to possess drugs while he was in New York, and this defendant never came to New York. But this case is most readily analyzed not under CPL 20.20 (1) (c) and Carvajal, but under section 20.20 (1) (a) and Kassebaum. Section 20.20 (1) (a) provides New York with jurisdiction if conduct making out an element of a crime was performed in New York. In Kassebaum the element was the intent required for the crime of attempted criminal possession of a controlled substance in the first degree, as to drugs that never reached New York. Here, the element of obvious import is the actus reus of the charged crimes, and in particular the actual possession of narcotics in New York.
That is, defendant actually shipped his pills to Brooklyn, where defendant’s accomplices took possession of and sold them. Defendant need not himself have come to New York, if he intentionally aided the accomplices in New York who performed conduct that constituted the actus reus of the crime. The situation is similar to that in Kassebaum, where one accomplice remained in New York and acted on the intent to possess heroin while Kassebaum and others were coming “dangerously close” to possessing heroin in Massachusetts.
*315 Simply put, New York has jurisdiction to prosecute, as an accomplice to drug possession, one who sent the drugs from another state to his fellow conspirators in New York. That conclusion is only underscored by the provisions of CPL 20.60 (2) which, as noted, state that one who causes property to be shipped to New York is “deemed to have personally transported” it to New York and “to have personally made . . . delivery” in New York. Under that rale, defendant is deemed to have been present in New York when Federal Express delivered to the coconspirators the pills he had tendered to that company for shipment.
in
Given CPL 20.20 (1) (a), the People have jurisdiction to prosecute defendant for possession of controlled substances. Notably, however, the same conclusion would seem to follow even if only section 20.20 (1) (c) were considered. As noted, that provision grants jurisdiction over a substantive offense, even one committed wholly outside New York, as to a defendant who conspired here to commit the substantive offense. In Carvajal, the defendant while in California engaged in telephone conversations with New York conspirators in which he and they promoted the ends of the conspiracy and planned to ship to New York the narcotics that were the subject of the possessory offenses in the indictment. The defendant also traveled to New York once and spoke with his coconspirators here about their enterprise. Given defendant’s trip to New York, the Court of Appeals found it unnecessary to pass on the People’s claim— based on CPL 20.20 (1) (c) and 20.60 — that the telephone conversations and planned shipments from California to New York, without more, constituted conspiratorial conduct in New York. (6 NY3d at 314-316.)
This court would resolve that “harder case” (see Carvajal, 6 NY3d at 315 n 7) in the People’s favor. Under section 20.60 (1), defendant must be deemed to have been present in New York when he called New York to speak with his coconspirators. Moreover, unlike in Carvajal, here defendant did not just plan to ship the drugs at issue to New York. He made his shipments, and counts in the indictment are based on the possession and sale of the drugs in New York. And under section 20.60 (2) defendant must be deemed to have been present in New York when the drugs were delivered to Brooklyn. The language of section 20.60 is clear, and thus, as a matter of law, defendant is wrong when he asserts that he was never in this state. In short, *316 while “present” in New York defendant conspired to possess drugs, and like Carvajal he can be charged with the possessory offense no matter where the drugs were located.
IV
It remains only to add a few words about People v Manini (79 NY2d 561 [1992]). In that case Manini gave cocaine in California, “on credit,” to a New York drug dealer. That individual, one Paige, took about four ounces of that cocaine to Rochester, where he and a third man were arrested and the cocaine was seized. Manini was indicted for criminal possession of a controlled substance in the second and third degrees on account of the cocaine taken from Paige. The Court of Appeals upheld the dismissal of the charges against Manini, reasoning that a seller who gives drugs to a buyer is not an accomplice to the possessory crimes thereafter committed by the buyer — even if the sale had been made on consignment. (See Penal Law § 20.10.)
The Manini rule is not jurisdictional in nature. It would preclude a possessory charge against any seller of drugs, even one operating completely in New York, if the possessory charge was based on conduct after the conclusion of the sale. But since New York sellers face New York sale and possession charges based on their conduct prior to the conclusion of the sale, the Manini rule will have its most significant impact in cases where a defendant delivers narcotics to a New York buyer at an out-of-state location.
In this case the indictment includes three possessory charges against defendant — counts 34, 37, and 38. Each accuses defendant and codefendant Avila-Romero, another Californian, of possessing a controlled substance in Brooklyn with the intent to sell it. The court assumes that the People’s theory is that these drugs were not delivered to other conspirators out of state, but instead were shipped by defendant and/or Avila-Romero to the New York conspirators, via Federal Express. If so, the People could argue, defendant must under CPL 20.60 (2) be deemed to have personally possessed the drugs in New York as they were being delivered here. The court invites the parties’ attention to these three counts and will ask the People to clarify their position.
For these reasons, defendant’s motion to dismiss counts of the indictment for lack of state jurisdiction is denied.

. It is not clear whether defendant also means to challenge jurisdiction as to the two conspiracy counts. He could not successfully do so. Jurisdiction over those counts is established by a statute addressing conspiracy charges. (See CPL 20.20 [2] [d].) That section provides that a conspiratorial agreement entered into out of New York, to commit a crime in New York, may be prosecuted in this state if an overt act was performed in New York. Even if defendant asserted that he made his criminal agreement elsewhere, the grand jury heard ample evidence that overt acts were performed in New York by his coconspirators. (See People v Carvajal, 6 NY3d 305, 314 n 5 [2005].)

. CPL 20.60 (1) and (2) provide:
“1. An oral or written statement made by a person in one jurisdiction to a person in another jurisdiction by means of telecommunication, mail or any other method of communication is deemed to be made in each such jurisdiction.
“2. A person who causes property to be transported from one jurisdiction to another by means of mail, common carrier or any other method is deemed to have personally transported it in each jurisdiction, and if delivery is made in the second jurisdiction he is deemed to have personally made such delivery therein.”